**Torrance JONES, Plaintiff,**

v.

**DRUG ENFORCEMENT ADMINISTRATION, Defendant.**

**Civil Action No. 13-0123 (ABJ)**

United States District Court, District of Columbia.

Signed 03/21/2014

---

Torrance Jones, Montgomery, AL, pro se.

Rafique Omar Anderson, Robert N. Englund, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

AMY BERMAN JACKSON, United States District Judge

This matter is before the Court on Defendant's Motion for Summary Judgment [ECF No. 10]. For the reasons discussed below, the motion will be granted in part and denied in part without prejudice.

## I. BACKGROUND

In April 1996, plaintiff was charged with conspiracy to possess with intent to distribute cocaine and cocaine base, possession with intent to distribute cocaine, and possession with intent to distribute cocaine base. Compl. at 2. Among the witnesses for the government at his criminal trial were Michael Rubel and Richard Mann, and Ra-

leigh Police Department detectives Brad Kennon and Anthony Wisniewski. *Id.* at 3. According to plaintiff, these witnesses "publicly testified to their statements and about other co-defendants['] (i.e. Daniel Dunning, Brain. [sic] Eversole, Ricky Draper, and Bernard Sinclair) statements." *Id.* A jury found plaintiff guilty on all counts. *Id.*; *see United States v. Jones,* 165 F.3d 912 (4th Cir.1998) (per curiam) (Table), *cert. denied,* 526 U.S. 1126, 119 S.Ct. 1784, 143 L.Ed.2d 812 (1999).

Pursuant to the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, plaintiff submitted a request to the Drug Enforcement Administration ("DEA") for information about himself and six other individuals. *See* Compl. at 1-2; Mem. of P. & A. in Support of Def.'s Mot. for Summ. J. [ECF No. 10], Decl. of William C. Little, Jr. ("Little Decl."), Ex. A (Letter to U.S. Department of Justice, DEA, from plaintiff dated May 29, 2010). In relevant part, the request stated:

> This will request disclosure of copies of information, records, and other materials relating to me, including materials identified by or in reference to a personal identifier assigned to my name, contained within the files of your agency
> . . . .
>
> I am specifically requesting the statements that AUSA Christine Hamilton and Raleigh Police Detectives Kennon and A.J. Wisniewski gained during interviews in United States v. Torrance Jones, Case No. 5:96-CR-79-1-BO. These statements are:
>
> Richard Mann on May 15, 1996; Michael Rubel on July 29, 1996; Ricky Draper on September 15, 1996; Bernard Sinclair on

September 15, 1996; Daniel Dunning on July 29, 1996; and Brian Eversole on July 29, 1996.

Little Decl., Ex. A at 1.

With respect to plaintiff's request for information about himself, the DEA released 25 pages of records in redacted form and withheld one page in its entirety.[1] Compl. at 2; *see id.,* Ex. 2 (Letter to plaintiff from Katherine L. Myrick, Chief, Freedom of Information/Privacy Act Unit, FOI/Records Management Section, DEA, dated September 1, 2010, regarding Case Number 10-00572-FP) at 2. The DEA did not process plaintiff's request for information pertaining to the other individuals, refusing to confirm or deny the existence of any responsive records, because plaintiff had submitted neither proof of death nor the parties' written authorization for release of information to plaintiff. *Id.,* Ex. 2 at 1.

Plaintiff filed an administrative appeal of the DEA's refusal to release the statements of Richard Mann, Michael Rubel, Ricky Draper, Bernard Sinclair, Daniel Dunning and Brian Eversole. Little Decl., Ex. C (Letter to U.S. Department of Justice, Office of Information Policy, from plaintiff dated September 14, 2010). The DEA's determination was affirmed:

> After carefully considering your appeal, I am affirming, on partly modified grounds, DEA's action on your request. Please be advised that DEA did not conduct a search for the requested third-party records. To the extent that such records exist, without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, disclosure of law enforce-

---

1. There is a discrepancy in the number of pages the DEA released. The supporting declaration states that the "DEA released portions of ... 23 pages and two ... pages in their entirety to plaintiff, and one ... page

was withheld." Little Decl. ¶ 30. The DEA's September 1, 2010 letter states that 25 pages were released in part and one page was withheld in full. *Id.,* Ex. B at 2.

ment records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C). Compl., Ex. 3 (Letter to plaintiff from Janice Galli McLeod, Associate Director, Office of Information Policy, U.S. Department of Justice, dated December 14, 2010) at 1.

## II. DISCUSSION

### A. Summary Judgment in a FOIA Case

■ "FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F.Supp.2d 83, 87 (D.D.C.2009). The Court will grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and if it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Summary judgment in a FOIA case may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir.1991) (internal quotations and citations omitted), and when they

> describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith.

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981). "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. DOJ*, 696 F.Supp.2d 113, 119 (D.D.C.2010) (quoting *DOJ v. Tax Analysts*, 492 U.S. 136, 142, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989)).

### B. The DEA's Response to the Request for Information Pertaining to Plaintiff

■ Plaintiff brings this action seeking "disclos[ure] in their entirety [of] Plaintiff's co-defendant[s'] statements being erroneously withheld under [FOIA Exemption 7(C)]."[2] Compl. at 1. The Court therefore does not construe the complaint as one challenging the DEA's response to his FOIA request for records about himself. Absent any challenge to the DEA's response to the request for records pertaining to plaintiff, the Court treats the DEA's motion as conceded. *See, e.g., Augustus v. McHugh*, 870 F.Supp.2d 167, 172 (D.D.C.2012) (where plaintiff's "opposition did not challenge the Secretary's proffered justifications under FOIA for having redacted [information,]" the arguments were "deemed conceded, and summary judgment [was] entered in favor of the Secretary"); *People for the Ethical Treatment of Animals v. Nat'l Inst. of Health*, 853 F.Supp.2d 146, 151 (D.D.C.2012) ("Plaintiff also did not respond to defendant's arguments with respect to Count I or Count III in its opposition to defendant's motion for summary judgment," and, accordingly, "the Court ... treat[ed] Count I and III as conceded and ... dismiss[ed] these claims without prejudice"), *aff'd in relevant part*, No. 12–5183, 2012 WL 5896791 (D.C.Cir. Nov. 2, 2012) (per curiam); *see also* LCvR7(h). Based on the DEA's memorandum and supporting declarations, the Court further concludes that the DEA has

---

2. Likewise, plaintiff's opposition to the DEA's motion for summary judgment focuses squarely on the alleged improper withholding of information pertaining to third parties and the applicability of the public domain doctrine. *See generally* Pl.'s Opp'n at 2-5.

released all reasonably segregable information pertaining to plaintiff. The DEA's motion for summary judgment therefore will be granted in part.

## C. The DEA's Glomar Response

■ Plaintiff asserts that the co-defendants' "statements ... are being erroneously withheld under [E]xemption (b)(7)(C)." Compl. at 1. According to plaintiff, "the requested statements were testified to during [p]laintiff's trial and sentencing hearing," and, therefore, these "statements have been released into the public domain during judicial proceedings." *Id.* at 5. He points to his own presentence investigation report, *see id.* at 5, 13-14, as well as trial testimony of Richard Mann and Agent Wisniewski, *see id.* at 6-9, 14-15, statements made by Michael Rubel and Ricky Draper, *see id.* at 10-12, and testimony of Agent Kennan at plaintiff's sentencing hearing, *see id.* at 12-13. Plaintiff deems this "specific publically disclosed trial testimony ... identical to those statements (i.e. Richard Mann; Michael Rubel; Ricky Draper; Daniel Dunning; Brian Eversole) that are being withheld." *Id.* at 15. Accordingly plaintiff demands that "all the withheld statements be immediately provided to [him]." *Id.* at 16.

The DEA objects to plaintiff's "attempt[ ] to interject information never presented during the administrative process." Reply to Pl.'s Opp'n to Def.'s Mot. for Summ. J. [ECF No. 14], Supplemental Decl. of William C. Little, Jr. ("Supplemental Little Decl.") ¶ 8. It claims a disadvantage because plaintiff now relies on "portions of ... trial transcripts [that] were never submitted to DEA with his [FOIA] request." Supplemental Little Decl. ¶ 8. The DEA could not have known "the facts plaintiff now presents ... at the time that determinations were made con-

cerning his FOIA request ...." *Id* ¶ 9. Nevertheless, the "DEA still ... neither confirms nor denies the existence of the third-party statements requested by plaintiff." *Id.* ¶ 10. Its declarant explains that, "[b]ased on the information now put before the [C]ourt, there is no evidence of disclosure by any DEA agent, or other DEA personnel, of the confirmation of records or any information contained in DEA records related to any individual mentioned in plaintiff's request." *Id.* ¶ 11. Further, the declarant asserts, "trial testimony does not waive the privacy interests of a witness," *id.* ¶ 12, and in this case, "the individuals testifying appear to be members of the Raleigh North Carolina Police Department," *id.* ¶ 11.

This Court previously has considered similar issues in another case filed by plaintiff, *Jones v. Exec. Office for U.S. Attorneys*, No. 10-2074 (D.D.C. filed Dec. 21, 2011). It observed that "an agency 'may not rely on an otherwise valid exemption to justify withholding information that is already in the public domain.'" Memo. Op. [Dkt. 17] at 9, quoting *Canning v. U.S. Dept. of Justice*, 567 F.Supp.2d 104, 112 (D.D.C.2008), and it noted that plaintiff had produced exhibits which tended to show that some information concerning statements made by his co-defendants had entered the public domain. But "[p]rior disclosure of *similar* information does not suffice" to overcome a claimed FOIA exemption; "instead, the *specific* information sought by the plaintiff must already be in the public domain." *Wolf v. CIA*, 473 F.3d 370, 378 (D.C.Cir.2007) (citation omitted; emphasis added). The Court found, at least with respect to Michael Rubel, Richard Mann, and Ricky Draper, that plaintiff had met his burden to point to that specific information, by presenting trial transcripts, public plea agreements, and sentencing transcripts. That finding pertains here as well, but to the extent that plaintiff

points to matters discussed in his or his co-defendants' presentence investigation reports, the Court is not persuaded that those materials are in the public domain. *See* 18 U.S.C. § 3552; Fed. R. Crim P. 32. With respect to the DEA's Glomar response, then, the agency's motion for summary judgment is denied without prejudice.

## III. CONCLUSION AND ORDER

Because plaintiff does not challenge the DEA's response to his request for information about himself, the Court treats this matter as conceded, and the DEA's motion for summary judgment will be granted in part. As for the co-defendants' statement, plaintiff has shown that some or all of the information he requests may have entered the public domain and thus may not be exempt from disclosure under FOIA Exemption 7(C). In this respect, the DEA's motion for summary judgment will be denied.

Accordingly, it is hereby

ORDERED that Defendant's Motion for Summary Judgment [10] is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. It is

FURTHER ORDERED that defendant shall process plaintiff's FOIA request, and by June 1, 2014, the parties shall submit a joint proposed schedule for further proceedings in this case.

SO ORDERED.